IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AKOLOUTHEO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ELSTER SOLUTIONS, LLC,<br><br>ELSTER AMERICAN METER COMPANY, LLC,<br><br>    and<br><br>CITY OF GEORGETOWN, TEXAS,<br><br>    Defendants. | CIVIL ACTION NO.: 6:19-cv-705<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement, in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff") makes the following allegations against Elster Solutions, LLC ("Elster Solutions,") and Elster American Meter Company, LLC ("Elster American Meter" and collectively, "Elster") and the City of Georgetown, Texas ("Georgetown," and collectively, "Defendants").

## PARTIES

2.      Plaintiff Akoloutheo is a Texas limited liability company having its primary office at 15139 Woodbluff Drive, Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3.      On information and belief, Defendant Elster Solutions is a Delaware limited liability company having a principal place of business at 208 South Rogers Lane, Raleigh, North Carolina 27610-2144.  On information and belief, the registered agent for service of process in Texas for Elster is Corporation Service Company d/b/a CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. On information and belief, Defendant Elster American Meter is a Delaware limited liability company having a principal place of business at 2221 Industrial Road, Nebraska City, Nebraska 68410. On information and belief, the registered agent for service of process in Texas for Elster American Meter is Corporation Service Company d/b/a CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant Georgetown is a municipality incorporated under the laws of the State of Texas. On information and belief, Georgetown can be served through its Mayor, Dale Ross, at 808 Martin Luther King Jr. Street, Georgetown, Texas 78626.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. On information and belief, Defendants maintain regular and established places of business in this Judicial District and have committed acts of patent infringement in this Judicial District by using, selling and/or offering for sale infringing devices and instrumentalities to customers in this Judicial District.

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their presence and substantial business in this forum, including: (i) maintaining a physical presence in this forum; (ii) committing at least a portion of the infringements in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,088,239

9.	Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,088,239 ("the '239 Patent") entitled "Method and Apparatus for All-purpose, Automatic Remote Utility Meter Reading, Utility Shut Off, and Hazard Warning and Correction" – including all rights to recover for past, present and future acts of infringement.  The '239 Patent issued on August 8, 2006, and has a priority date of March 2, 2004.  A true and correct copy of the '239 Patent is attached as Exhibit A.

10.	Elster imports, provides, supplies, distributes, offers for sale, sells, and/or provides access to methods and apparatuses for automatic remote utility meter reading and reporting ("Elster Devices") and "advanced metering infrastructure" methods and apparatuses (the "Elster EnergyAxis").

11.	Georgetown is a utility service provider in the State of Texas and in this Judicial District.  On information and belief, Georgetown provides utility services to approximately 58,000 customers using Elster Devices and Elster EnergyAxis methods and apparatuses.

12.	Defendants directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – have used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to Elster Devices and Elster EnergyAxis methods and apparatuses.

13.	An Elster EnergyAxis network incorporates a series of networked Elster Devices comprising one or more Elster "Gatekeeper" nodes, each connected to an array of Elster Utility Meters.

14.	Together, Elster Gatekeeper nodes and Elster Utility Meters deliver two-way communication and time synchronization within an Elster EnergyAxis Network.  Elster Gatekeeper nodes and Elster Utility Meters provide regular reports with detailed information on utility usage, which can be used to identify hazards and anomalies such as potential leaks and meter tampering.

15.	Elster Gatekeeper nodes receive data and alarms from Elster Utility Meters and send commands back to Elster Utility Meters.  Elster Gatekeeper nodes handle priority reporting of alarms, leak detection, error conditions and tamper notifications.

16.     On information and belief, components and services of Elster EnergyAxis devices include mechanisms and systems for generating alarms and alerts, managing communications, message parsing and routing, reporting, analytics, diagnostics, logging and security.

17.     Defendants have installed and have been operating an Elster EnergyAxis Network, and have installed and operated Elster Devices at the premises of their residential and commercial customers in the State of Texas and in this Judicial District.

18.     The Elster EnergyAxis Network provided by Defendants is specifically designed for, and is used by Defendants for, metering utility usage.

19.     The Elster EnergyAxis Network is specifically designed for, and is used by Defendants for, reporting utility usage.

20.     The Elster EnergyAxis Network is used by Defendants for detecting, reporting and correcting errors and faults within the Elster EnergyAxis Network.

21.     The Elster EnergyAxis Network incorporates data transmission capability for sending information from Elster Devices to remote data collection computers.

22.     The Elster EnergyAxis Network incorporates data reception capability for the reception of said information within remote data collection computers.

23.     On information and belief, the Elster EnergyAxis Network incorporates the capability to confirm successful transmission and receipt of utility data, to request retransmission of failed transmissions and to generate notice of repair needs.

24.     Elster Devices provided by Defendants are operable to monitor utility usage and establish utility usage data.

25.     Elster Devices provided by Defendants are operable to process utility usage data.

26.     Elster Devices provided by Defendants are operable to transmit utility usage data to remote data receiving devices.

27.     Elster Devices provided by Defendants are operable to transmit confirmation of the reception of said utility usage data.

28.     On information and belief, Elster Devices provided by Defendants are operable to repeat transmission of utility usage data to data receiving apparatus in the event confirmation is not successfully received.

29. On information and belief, Elster Devices provided by Defendants are operable to initiate the identification and repair of a malfunction in the event transmission of utility usage data to a data receiving apparatus is not successful.

30. The Elster EnergyAxis Network and Elster Devices infringe one or more claims of the '239 Patent.

31. Defendants' use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to Elster Devices and an Elster EnergyAxis Network covered by the '239 Patent has been conducted without license, authority or permission of Akoloutheo.

32. Defendants' unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to Elster Devices and an Elster EnergyAxis Network methods and apparatuses covered by the '239 Patent constitutes patent infringement under 35 U.S.C. § 271.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants have infringed the '239 Patent;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '239 Patent;

c. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '239 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

    f.    Any and all other relief to which Plaintiff may show itself to be entitled.

Dated: December 12th, 2019

Respectfully Submitted,

By: /s/ Kenneth Thomas Emanuelson
Kenneth Thomas Emanuelson
Texas State Bar No. 24012591
THE EMANUELSON FIRM
17304 Preston Road, Suite 800
Dallas, Texas 75252
469-363-5808
Ken@Emanuelson.us

**ATTORNEY FOR PLAINTIFF
AKOLOUTHEO, LLC**